# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RODOLFO NAVARO NEPOMUCENO
and JACQUELINE GALLAS
NEPOMUCENO,

      Plaintiffs,

v.

ERIC H. HOLDER, JR., Attorney General,

      Defendant.

Case No. 2:09-CV-265-KJD-LRL
Court of Appeals No. 08-72413

**ORDER**

    This matter is before the Court pursuant to an order of the United States Courts of Appeals for the Ninth Circuit for a de novo hearing and decision regarding the nationality of Plaintiff Rodolfo Navaro Nepomuceno.  The Court construes this action as one for declaratory judgment pursuant to 28 U.S.C. §2201.

    Pending is Defendant's Renewed Motion for Summary Judgment (#92).  The Court has also received and considered Petitioners' (Plaintiffs') Opposition (#94) and the Defendant's Reply (#95).  Included in Plaintiffs' Opposition (#94) is a Cross-Motion for Summary Judgment.  Plaintiffs also filed a Motion to Strike Defendant's Reply to Petitioners' Cross-Motion and Motion to Strike Defendant's Late Reply (#96) to which Defendant filed an Opposition (#97).

## I. FACTUAL BACKGROUND

    Following transfer of this matter from the Circuit Court, a discovery conference was held March 13, 2009 before the Magistrate Judge (#24).  The parties each submitted proposed discovery orders.  Thereafter, on April 14, 2009, the Magistrate Judge entered a discovery scheduling order

1    which required all written discovery to be due by May 12, 2009, and all responses to written

2    discovery due by June 12, 2009.  Dispositive motions were due by August 14, 2009.

3         Defendant timely propounded to Plaintiffs: interrogatories, requests for production of

4    documents and requests for admissions.  On June 18, 2009, Defendant filed a motion to compel

5    answers to interrogatories, motion to compel production of documents, motion to strike Plaintiffs'

6    late filed request for documents, and motion to deem Defendant's request for admissions admitted

7    (#45).  On July 2, 2009, Plaintiffs untimely filed their first set of interrogatories and request for

8    admissions and motion to compel production of documents (##50 and 51).[1]  On August 26, 2009, the

9    Magistrate Judge ordered motion deadlines extended to October 2, 2009, following which Defendant,

10   on October 2, 2009, timely filed a Motion for Summary Judgment (#61).

11        On January 7, 2010, the Magistrate Judge entered an order (#84) granting Defendant's motion

12   to compel answers to interrogatories, motion to compel production of documents and motion to deem

13   Defendant's request for admissions admitted (#45).  The Magistrate Judge noted that pursuant to the

14   Court's scheduling order (#32), written discovery closed on May 12, 2009 and the deadline to

15   respond to written discovery was June 12, 2009.  Defendant's interrogatories, request for admissions

16   and request for production of documents were timely served on May 12, 2009.  Although Plaintiffs

17   timely filed their responses on June 11, 2009, they objected to all interrogatories and failed to answer

18   any of the requests for admissions.  Also, Plaintiffs did not specifically respond to the request for

19   production, but instead attached a document styled "written discovery" and a document styled

20   "Defendant List of Witnesses" wherein Plaintiffs requested their own additional production of

21   documents. Upon receipt of same, counsel for Defendant called Plaintiffs and informed lead

22   Plaintiff, Rodolfo Nepomuceno, ("Nepomuceno") that the responses were non-responsive.

23   Nepomuceno reiterated his objections to the interrogatories.

24

25

26

---

[1]On July 8, 2009, the Magistrate Judge ordered #50 stricken.

1         Based on the foregoing facts, the Magistrate Judge issued his Order (#84) requiring Plaintiffs

2    to promptly and fully answer Defendant's interrogatories without objection.  With respect to the

3    motion for production of documents, the Magistrate Judge found that Plaintiffs responded within

4    thirty days but failed to make responsive answers or to make appropriate, individual, and specific

5    objections to the requests and ordered Plaintiffs to promptly produce the requested documents

6    without objections.  With respect to Defendant's motion to deem Defendant's request for admissions

7    admitted, the Magistrate Judge found that Plaintiffs failed to respond to or even acknowledge

8    Defendant's request for admission and therefore deemed the request admitted by Plaintiffs pursuant

9    to Rule 36(a)(3).  The Magistrate Judge also granted Defendant's motion to strike Plaintiffs' request

10   for production of documents filed over one month following close of discovery.

11        On January 20, 2010, Plaintiffs filed a motion for leave of the Court (#86) seeking additional

12   time to comply with the Court's Order (#84) to respond to Defendant's request for production of

13   documents and interrogatories which was granted in part to the extent that answers and production

14   would be provided no later than February 12, 2010. (#87).  On February 11, 2010, Plaintiffs filed a

15   response to interrogatories and production of documents (#90), providing  partial responses to

16   interrogatories, however, continuing to object to many interrogatories as vague, ambiguous,

17   cumulative, unduly burdensome and oppressive.  Plaintiffs also objected to Defendant's request for

18   production of documents.  In the same document, Plaintiffs inserted responses to Defendant's request

19   for admission, attempting to respond to matters which had already been deemed admitted by the

20   Magistrate Judge.

21   **II. STANDARD OF LAW FOR SUMMARY JUDGMENT**

22        Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,

23   and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

24   material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ.

25   P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the

26   initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at

1    323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

2    genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

3    587 (1986); Fed. R. Civ. P. 56(e).

4            All justifiable inferences must be viewed in the light must favorable to the nonmoving party.

5    See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere

6    allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

7    or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial.  See

8    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual

9    issues of controversy in favor of the non-moving party where the facts specifically averred by that

10   party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497

11   U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

12   (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

13   issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without

14   more, will not create a "genuine issue" of material fact precluding summary judgment.  Villiarimo v.

15   Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

16          Summary judgment shall be entered "against a party who fails to make a showing sufficient

17   to establish the existence of an element essential to that party's case, and on which that party will

18   bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

19   if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

20   **III. ANALYSIS**

21          Because the Magistrate Judge granted Defendant's motion to deem Defendant's request for

22   admissions admitted for failure to respond, the matters set forth in Defendant's request for

23   admissions are admitted and conclusively established.  Am. Tech. Corp. v. Mah, 174 F.R.D. 687,

24   689 (D. Nev. 1997).  The Court disregards Plaintiffs' late responses because they are again

25   inadequate, the Court has already deemed Defendant's request for admissions admitted, and

26   Plaintiffs have not sought or been granted leave to withdraw or amend their admissions.

4

1    While the Court is, to a degree, sympathetic with the plight of individuals who are

2  attempting to represent themselves, Plaintiffs' response to interrogatories and production of

3  documents continues to be inadequate and obstructive.  Plaintiffs have refused to answer questions

4  regarding the whereabouts of individuals who, they purport, would verify Nepomuceno's birth in the

5  United States.  Plaintiffs continue to object to the interrogatories and request for production even

6  though the Magistrate Judge has found Defendant's discovery request reasonable and ordered

7  Plaintiffs to respond without further objection.  Pro se litigants, while not being held to the same

8  standard as an attorney, are expected to follow instructions of the Court and give deference to Court

9  orders.  In this case, Plaintiffs have demonstrated that they do not intend to provide the information

10  essential to the Court's determination of citizenship.

11    It has been deemed admitted that lead Plaintiff Rodolfo Navaro Nepomuceno was born in

12  Manila, Philippines on December 19, 1960, that his parents were not United States citizens on the

13  date of his birth, and that all of his siblings were born in the Philippines.  Even disregarding the

14  admissions, Plaintiff's United States citizenship claim is supported only by his own and

15  unsubstantiated testimony, a delayed birth certificate issued some 33 years after the fact, and

16  documents subsequently obtained using that delayed birth certificate.  Such evidence is incompetent,

17  unreliable, and does not meet the threshold requirements for admissibility.  Plaintiff's California

18  birth certificate issued in 1993, unequivocally states that the information on the certificate is not

19  prima facie evidence of the facts it contains.  On the other hand, his Philippine birth certificate,

20  executed by his mother and issued less than three months after his birth, clearly states that his place

21  of birth is Manila, Republic of the Philippines.

22    Plaintiff argues, without citation to applicable legal authority, that it is the responsibility of

23  the Government to locate the witnesses and evidence which will support his claim of citizenship.  He

24  acknowledges that he is unable to produce any such evidence.  (#72, Page 12–13.)

25

26

5

**IV. CONCLUSION**

The issue before the Court for purposes of Defendant's Motion for Summary Judgment is whether there is any genuine issue of material fact as to the citizenship of Plaintiff.  Plaintiff's own unsubstantiated testimony as to his place of birth is not legally competent evidence.  His claim that others can substantiate his birth without adducing witnesses who can provide competent and admissible evidence on that point is not sufficient.  See Sanchez-Martinez v. INS, 714 F.2d 72, 74 n.1 (9th Cir. 1983) (finding that plaintiff bears the initial burden of proving citizenship by a preponderance of the evidence).  Moreover, the matters deemed admitted are conclusive on the issue of Nepomuceno's citizenship. Accordingly, the Court finds that there is no genuine issue of material fact in dispute and summary judgment in favor of the Defendant is appropriate. The Court finds and declares that Plaintiff, Rodolfo Navaro Nepomuceno, is not a citizen of the United States. His citizenship claim is denied.

Accordingly, Defendant's renewed Motion for Summary Judgment (#92) is **GRANTED.**

**IT IS ORDERED** that the matter is returned to the Ninth Circuit Court of Appeals for consideration of the Final Administrative Order of Removal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Reply (#96) is **DENIED** consistent with both Local Rule 7056(d) and Local Rule 7-2(c).  The due date for Defendant's Reply was April 19, 2010 and the Reply was timely filed on that date.

**IT IS FURTHER ORDERED** that Plaintiffs' Cross motion for Summary Judgment (#94) is **DENIED** as unsupported and moot.

DATED this 30th day of July 2010.


_____
Kent J. Dawson
United States District Judge